UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**TAMI MARIE ELLIS**, 

Debtor.

Case No. **08-60230-7**

*MEMORANDUM of DECISION*

At Butte in said District this 21st day of August, 2008.

In this Chapter 7 bankruptcy, the Trustee filed an Objection to Claim of Exemption on April 30, 2008, objecting to Debtor's claim of exemption in "Equity of Redemption from foreclosure sale of residence." Debtor filed a two sentence reply on May 13, 2008, arguing that the "right of redemption after a foreclosure sale is a personal privilege and not a property rights [sic] that can be taken by a bankruptcy trustee and sold. *Parcells v. Nelson*, 103 Mont. 412, 16, 63 P.2d 131 (1936); *Brown v. Timmons*, 79 Mont. 246, 250, 256 Pac. 176 (1927)." A hearing on the matter was scheduled for June 10, 2008, but the Trustee appeared at the hearing and requested that the parties be allowed to submit the matter to the Court on stipulated facts and simultaneous briefs. A Stipulation of Facts was filed on June 20, 2008, and both parties filed their respective, timely briefs on July 10, 2008. The matter is thus ready for decision. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

The Stipulation of Facts filed June 20, 2008, sets forth the following:

1

1. Prior to February 21, 2008, Tami Ellis, together with her spouse Dirk Ellis owned a residence at 7041 Iron Siding Drive in Helena, Montana.

2. On February 21, 2008, the residence was sold together with other property in a sheriff's sale by the Lewis and Clark County sheriff to satisfy a judgment entered in favor of Mountain West Bank against Dirk and Tami Ellis and entities owned by them. [*See* Exhibit A, a copy of the Certificate of Sale]

3. The sale price at the sale was $209,405.00. A Notice of Satisfaction of Judgment was filed on March 14, 2008. [*See* Exhibit B, a copy of the satisfaction]

4. There are divorce proceedings pending between Dirk and Tami Ellis, however, presently Dirk Ellis and the minor children of Dirk and Tami Ellis are residing on the premises.

5. Tami Ellis filed a petition for relief on March 11, 2008, and claimed the property as a homestead.

6. The instrument granting the security interest was either a Deed of Trust or Trust Indenture that was foreclosed judicially, consequently there is a right of redemption. The security interest was not a purchase money security interest.

In addition to the stipulated facts, the record shows that Debtor filed her bankruptcy petition on March 11, 2008. Debtor maintains in her Statement of Financial Affairs ("SOFA") filed April 10, 2008, that the home located at 7041 Iron Siding Drive in Helena, Montana was valued at $225,000.00. Debtor further discloses in her SOFA that she lived in the home at 7041 Iron Siding Drive "up to June 2006." Thus, the Court concludes that Debtor has not lived in the home for over 2 years. Finally, the Court would note that Debtor failed to disclose to this Court

the date and place where any declaration of homestead may have been recorded.[1]

As noted in the Trustee's Objection, Debtor claims an exemption under §§ 70-32-104 and 25-13-615, MCA, in "Equity of Redemption from foreclosure sale of residence." Prior to deciding the issue before the Court of whether Debtor can claim a homestead exemption in her statutory right of redemption, the Court must consider what is and is not property of Debtor's bankruptcy estate.

The Bankruptcy Code does not define what interests held by Debtor are included in property of the estate. Pursuant to 11 U.S.C. § 541(a)(1), property of Debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." In *Segal v. Rochelle*, 382 U.S. 375, 379, 86 S.Ct. 511, 515 (1966), the U.S. Supreme Court stated, "The term 'property' has been construed most generously and an interest is not outside [the reach of § 541] because it is novel or contingent or enjoyment must be postponed." The Montana Supreme Court in citing *Segal* stated, "[T]he courts have consistently said that

---

[1] MONT. CODE ANN. ("MCA") § 70-32-106 requires that "[t]he declaration of homestead must contain a statement that the person making it is residing on the premises and claims them as a homestead and a description of the premises" while § 70-32-107, MCA, requires "[t]he declaration must be recorded in the office of the county clerk of the county in which the land is situated." Debtor failed to attach a copy of her Declaration of Homestead to her May 13, 2008, reply to the Trustee's Objection and did not offer such Declaration into evidence either at or following the June 10, 2008, hearing. Such neglect by Debtor's counsel is inexcusable. Under Mont. LBR 4003-2. HOMESTEAD EXEMPTIONS, if a homestead exemption is claimed by a debtor, the date and place of recordation of the homestead declaration *shall* be included in schedule A or schedule C.... The Schedules A and C that accompanied Debtor's bankruptcy petition fail to make such disclosure and thus have violated this Court's Local Rule. Debtor was also required by the Local Rule to present a copy of the declaration to the trustee, either before or at the § 341(a) meeting of creditors. The record is silent as to whether such delivery occurred. Any declaration of homestead clearly should have been entered into evidence. *See, e.g., In re Doss*, 10 Mont.B.R. 159, 1991 WL 700518 (Bankr. D.Mont. 1991) (declaration of homestead must be filed pre-petition to be effective against the strong-arm powers of the trustee).

options or contingent interests are property of the bankruptcy estate under section 541." *Mont. Ranch Properties, Inc., v. Eastep* (1993), 257 Mont. 43, 45, 847 P.2d 304, 306.  The U.S. Supreme Court, in *Bd. of Trade of City of Chicago*, 264 U.S. 1, 10, 44 S.Ct. 232, 234 (1924), concluded that even though property rights may be regulated by state law, if the federal law indicates a broader construction of the term 'property,' then state law or decisions will not limit such construction.  The court in *Board of Trade* stated:

> Congress derives its power to enact a bankrupt law from the federal Constitution and the construction of it is a federal question.  Of course, where the Bankrupt Law deals with property rights which are regulated by the state law, the federal courts in the bankruptcy will follow the state courts; but when the language of Congress indicates a policy requiring a broader construction of the statute than the state decisions would give it, federal courts cannot be concluded by them.

264 U.S. at 10, 44 S.Ct at 234.  Although the Illinois Supreme Court had decided that a membership at the Board of Trade was not property given the limitations imposed by the Board of Trade, the U.S. Supreme Court held a membership at the Board of Trade is property in a bankruptcy given the broader construction required by the federal statute, albeit subject to any limitations or restrictions that may be imposed by state law.  Therefore, the Court broadly construes what may be property pursuant to federal law, specifically under 11 U.S.C. § 541, and then looks to state law to determine whether debtor's property interest is restricted, contingent or in some other way limited by state law.  *See Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 917-18, 59 L.Ed.2s 136 (1979) (as a general rule, the Code requires that property of the bankruptcy estate be determined in accordance with nonbankruptcy law since interests in property are both created and defined by state law).

> [S]tate law determines the extent of [a party'] interests [in property] and when these interests expire.  *In re Contractors Equip. Supply Co.*, 861 F.2d 241, 244

> (9th Cir. 1988); *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir. 1986). "State law, however, must be applied in a manner consistent with federal bankruptcy law." *In re Sierra Steel, Inc.*, 96 B.R. 271, 273 (9th Cir. BAP 1989) (*citing In re North Am. Coin & Currency, Ltd.*, 767 F.2d 1573, 1575 (9th Cir. 1985), *amended,* 774 F.2d 1390 (9th Cir. 1985), *cert. denied sub nom. Daniel A. Torres, M.D., P.C. v. Eastlick*, 475 U.S. 1083 (1986)).
> 14 Mont. B.R. at 141-42.
>
> Furthermore, "The bankruptcy estate succeeds to no more interest than the Debtor possessed or had, and the estate takes its interest subject to such conditions." *In re Kleffner*, 14 Mont. B.R. 10, 15 (Bankr. Mont. 1994) (quoting *In re Baquet*, 61 B.R. 495, 497-98 (Bankr. Mont. 1986)).

*Womack v. Smith (In re Weatherwax),* 16 Mont. B.R. 304, 308-09 (Bankr. D.Mont. 1997). *See also Nobelman v. American Savings Bank*, 508 U.S. 324, 329, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993) ("In the absence of a controlling federal rule, we generally assume that Congress has 'left the determination of property rights in the assets of a bankrupt's estate to state law,' since such '[p]roperty interests are created and defined by state law.' *Butner v. United States*, 440 U.S. 48, 54-55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). *See also Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992).").

The Court notes at the outset that Debtor's claimed exemption is at odds with itself because as explained by the Supreme Court of Montana in *Brown v. Timmons*, 79 Mont. 246, 250, 256 Pac. 176 (1927), a case relied upon by Debtor, "the distinction between the statutory right of redemption and that which is denominated equity of redemption at common law is fundamental. 'The one is the right a judgment debtor has to regain property which he has lost by sale under process. The other is the right the mortgagor has, prior to foreclosure, to discharge the indebtedness and thus clear his property from the incumbrance of the mortgage. The former comes into existence only after the foreclosure sale, and is of purely statutory origin; the other is

5

founded upon the mortgage contract." (Citations omitted). It is clear from the foregoing that a debtor cannot have any equity of redemption following a foreclosure sale. The right that exists following a foreclosure sale is the statutory right of redemption and thus, based upon the record before the Court, the Court concludes that Debtor is seeking to claim a homestead exemption in her statutory right of redemption, which right expires on February 21, 2009.[2]

As noted earlier, citing *Parcels*, 103 Mont. 412 and *Brown*, 79 Mont. 246, Debtor's original argument was that the statutory right of redemption is a personal privilege and not a property right that can be taken by a bankruptcy trustee and sold. Debtor's argument is contrary to the holding of the Supreme Court of Montana in *Montana Ranch Properties, Inc. v. Eastep*, 257 Mont. 43, 847 P.2d 304 (1993) and to the broad construction required by federal policy under 11 U.S. § 541 and the holding in *Board of Trade*. The debtor in *Eastep* filed for bankruptcy protection in February of 1990. The lender who held a mortgage against the debtor's property obtained a decree of foreclosure in December of 1991 and the property was sold at sheriff's sale in February of 1992 to Montana Ranch Properties, Inc. On January 17, 1992, between the date of the decree of foreclosure and the sheriff's sale, the chapter 7 trustee sold the debtor's statutory right of redemption to Eastep. When Eastep sought to exercise the statutory right of redemption, Montana Ranch Properties filed a quiet title action asserting that the chapter 7 trustee did not have the right to sell the debtor's statutory right of redemption prior to the February 1992, foreclosure sale. The Supreme Court of Montana disagreed with Montana Ranch

---

[2] Debtor acknowledges in her brief filed July 10, 2008, that "[w]hat is at issue on this motion is the statutory right of redemption, despite the wording used in the schedules. The equity of redemption terminated on February 21, 2008, when the house was sold at the sheriff's sale." Similarly, the Trustee notes in his brief that "[i]t is the 'statutory right of redemption' that is now before the Court."

Properties' position, holding, as noted above:

> Federal case law disproves this claim of Montana Ranch:
>
> [T]he courts have consistently said that options or contingent interests are property of the bankruptcy estate under section 541. "The term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or enjoyment must be postponed." *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966)[.]
>
> * * *
>
> We hold that a pre-foreclosure right to redeem is a property right under section 541[.]
>
> *In re Bialac* (9th Cir.1983), 712 F.2d 426, 431.
>
> A trustee in bankruptcy has the power to sell property of the estate. 11 U.S.C. § 363(b). We conclude that the trustee had the power to sell the redemption rights prior to the foreclosure sale.

*Eastep*, 257 Mont. at 45, 847 P.2d at 306. This Court has also previously concluded that a debtor's statutory right of redemption is property of a bankruptcy case. *See In re Liddle*, 75 B.R. 41, 43 (Bankr. D. Mont. 1987).

If a trustee can sell a statutory right of redemption prior to a foreclosure sale, it logically follows that a trustee can also sell a statutory right of redemption following a foreclosure sale. Thus, Debtor's argument that a statutory right of redemption is a personal privilege and not a property right that can be taken by a bankruptcy trustee, and sold, fails.

Debtor, however, gives little attention to the above argument in her brief and instead argues:

> If there is a property right that passes to the estate in this situation presented by this case, that right can be the subject of a homestead exemption. That right carries with it the right to reside in the residence during the period of redemption

7

> and it is the right to reside in the residence that is the obvious interest sought to be protected by the homestead exemption. There is no provision in the homestead law that limits the nature of the property right on which the debtor relies to the fee or to ownership of tangible property.
>
> * * *
>
> The trustee's right to sell the property, and in fact the argument that the statutory right of redemption, which is a personal privilege and not an interest in property according to the Court in *Brown*, is based on a clause in M.C.A. § 25-13-801(1)(a) which says that the judgment debtor or his "successor in interest" can redeem the property. The right of the debtor to remain on the property is established by M.C.A. § 25-13-821, however, which states that the judgment debtor has the right to stay in possession during the period of redemption. It does not limit that right of possession to only the time period during which the debtor is the holder of the privilege. According to the plain meaning of the statute, the judgment debtor has the right to possess the property "during the period of redemption allowed by law," and there is no provision that authorizes the transferee to extinguish the right of redemption before the expiration of the one year. Nor is there a provision that states that a transfer to any particular person or entity, including the purchaser at the sheriff's sale or the bankruptcy trustee extinguishes the right of redemption or the debtor's right to occupancy. Thus, if the trustee and others want to sell rights of redemption they can do so, but the debtor still has a right to live on the property. In fact, the last sentence of § 25-13-821 makes it abundantly clear that the policy of the law is to allow the judgment debtor to retain possession of his land "during the year of redemption.

The Court finds Debtor's above argument curious because Debtor is not living at the foreclosed property located at 7041 Iron Siding Drive, but was instead living at 457 Parriman Street as of her petition date and in fact, has not lived at the foreclosed property, at least according to her SOFA, since June of 2006. Debtor agrees in the Stipulation of Facts filed June 20, 2008, that Debtor's estranged spouse and children are living in the home. Consequently, MCA § 25-13-821 has no relevance in this case.

The sole question before this Court is whether Debtor can claim a homestead exemption in her statutory right of redemption, which right Debtor concedes is a privilege, even though

8

under 11 U.S. § 541, and *Estep,* it is property right. After carefully reviewing the law, the Court concludes that Debtor is not entitled to claim a homestead exemption in the statutory right of redemption. As previously discussed, because Montana has opted out of the federal exemption scheme, *see* § 31-2-106, MCA, the Court must look to state law to determine the extent of Debtor's allowable homestead exemption. *In re Loeb*, 12 Mont. B.R. 524, 527 (Bankr. D. Mont. 1993). Under § 70-32-101, MCA:

> The homestead consists of the dwelling house or mobile home, and all appurtenances, in which the claimant resides and the land, if any, on which the same is situated, selected as provided in this chapter.

Moreover, § 70-32-106, MCA, further provides that a "declaration of homestead must contain a statement that the person making it *is residing* on the premises and claims them as a homestead...". The aforementioned Code sections illustrate the general rule, in Montana, that an individual asserting a homestead exemption must reside in or on the premises being claimed exempt.

In the case at bar, Debtor seeks to claim a homestead exemption not in a dwelling house or mobile home, or in any tangible property for that matter, in which the Debtor resides, but instead seeks to claim a homestead exemption in a right that is statutory in origin and is, according to the Supreme Court of Montana, "a bare personal privilege." *Parcels*, 63 P.2d at 134. Under State law, a statutory right of redemption is a bare personal privilege, even though under federal law the same statutory right of redemption under bankruptcy law and specifically 11 U.S.C. § 541 is a property right given the federal policy for a broader construction of the federal statute. Debtor's attempt to claim a homestead exemption in a bare personal privilege is contrary to Montana's homestead exemption laws, which clearly contemplate that a person reside

9

in or on the homestead property. For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Trustee's Objection to Claim of Exemption filed April 30, 2008, is SUSTAINED; and Debtor's claim of exemption in "Equity of Redemption from foreclosure sale of residence" is DENIED.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana